### Jesse G. Beeson v. Noel B. Hollister and another.

The proceedings in taking judgment on default and an assessment of damages by the clerk, can not be reviewed by the Supreme Court on a case made.

For the reversal of a judgment thus rendered the following reasons were assigned :

1. That the notice of assessment of damages by the clerk did not state the *place* where it would be made.

2. That the assessment was not made by the clerk at his office, but in the court room (court being in session) in the absence of defendants' attorney.

3. That the case was not a proper one for an assessment by the clerk; the declaration containing counts for goods sold and delivered, and for labor, in addition to the common money counts. [A copy of the note on which the assessment was made was served with the declaration].

4. Final judgment was entered on the same day the clerk's report was filed.

5. The Circuit Court overruled, with costs, a motion to set aside the judgment for these reasons.

* It *seems* that none of the reasons assigned are sufficient for reversing the judgment.

" *Heard January 9th. Decided January 13th.*

Case made after judgment from Cass Circuit.

The declaration contained the common counts only; among them one for goods sold and delivered, and one for labor. There was appended to it a notice that a note, a copy of which was subjoined, would be given in evidence on the trial under the money counts. Defendants appeared in the case by attorney, but did not plead, and their default for want of plea was entered. Afterwards plaintiff's attorney served upon the attorney for defendant a notice, that on December 10th, 1861, at nine o'clock A. M., an

assessment of damages would be made before the clerk, but the notice did not specify at what place.

On the day specified, the Circuit Court was in session. At the hour named, defendants' attorney went to the clerk's office and remained until half-past ten, neither the clerk nor the plaintiff's attorney appearing. In the mean time the clerk assessed the damages upon the note in the court room, filed his report, and judgment was taken upon it the same day. The next day objection was taken to this judgment as prematurely entered, defendants claiming that they were entitled to all the next day to file exceptions to the report in. They also filed exceptions to the report, and an affidavit that $80 not credited on the note had been paid upon it; and on this they moved the Court to vacate the judgment. The payment was denied by plaintiff's affidavit, and the motion overruled, with costs.

*J. Hollister*, for defendants, urged in this Court the following grounds for the reversal of the judgment:

1. That the notice of assessment of damages did not state the place where it would be made.

2. That the assessment was not made by the clerk at his office — the place for the transaction of official business by him.

3. That the case was not one in which an assessment by the clerk was authorized — there being counts in the declaration besides the money counts.

4. That final judgment was entered on the same day the clerk's report was filed.

5. That the Court erred in overruling, with costs, a motion to set aside the judgment for these reasons.

*C. W. Clisbee*, for plaintiff.

MANNING J.:

This is a case made after judgment rendered on an assessment of damages by the clerk. The statute provides

for making a case after judgment, where the cause has been tried by the Court without a jury (*Comp. Laws*, § 3438), and also where it has been tried with a jury (*Comp. Laws*, § 3421, *last part of section*). The sole object of the last mentioned statute is to do away with the necessity of a bill of exceptions and writ of error, by permitting the parties to bring before this Court, in a case to be made after trial, all the questions arising thereon that could properly be embodied in a bill of exceptions. As the case made does not come within either of the aforesaid statutory provisions, the cause must be dismissed for want of jurisdiction, with ten dollars costs to the plaintiff.

We further say, for the satisfaction of the parties, that we have looked into the several objections urged on the argument for a reversal of the judgment, without finding any sufficient reason for reversing it if we had the power to do so on the case made.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J.:

I concur in dismissing the case for the reason stated in the foregoing opinion.